## ARGENTI *v.* THE CITY OF SAN FRANCISCO.

Great inadequacy of consideration paid for land, as compared with its actual value, is sufficient to put the purchaser upon notice of a fraud by his vendor, in the purchase thereof, at a constable's sale.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff filed his bill to quiet title, and for an injunction to restrain the defendant from disposing of certain city lots sold at a consta-

ble's sale, under execution against the city, and bought by the plaintiff from the purchasers at said sale. The defence set up was fraud, and notice thereof to plaintiff. The facts in relation thereto are stated in the opinion of the Court. The Court below entered a decree dismissing plaintiff's bill, and declaring the deed of the constable to the purchasers at said sale, and their deeds to plaintiff, fraudulent and void, and requiring the plaintiff to surrender the same. Plaintiff appealed.

*F. M. Haight* for Appellant.

Inadequacy of consideration in judicial sales is no ground for setting them aside. Smith *v.* Randall, Jan. T., 1856.

*Lorenzo Sawyer and Foote & Aldrich* for Respondent.

When fraud is charged, express proof is not required. Fraud may be inferred from strong presumptive circumstances. McDaniels *v.* Baca, 2 Cal. R., 339; 1 Greenleaf's Evidence, § 428; 1 Story's Eq. Jurisprudence, § 190; Chesterfield *v.* Janssen, 2 Vesey, 155–6; Jones *v.* Fulgham, 2 Murphy, 367.

Gross inadequacy of price is evidence of fraud. A sheriff's sale was set aside when real estate worth $10,000 was sold to satisfy a judgment of $100. Goff *v.* Jones, 6 Wend., 522. See also, Howell *v.* Baker & Clarke, 4 John. Ch. R., 122; Nesbit *v.* Dallom, 7 Gill. & John., 494, 511; Patterson *v.* Carneal, 3 A. K. Marsh., 618; Coghill *v.* Cahoon, 3 Harring., 23; Cowen *v.* Stevens, 3 Harring., 449; 9 Ves., 234.

A sheriff's sale was decreed void, and a re-conveyance ordered when sale was made for a grossly inadequate consideration with other circumstances tending to show fraud. Gist *v.* Frazier & Stewart, 2 Littell, Ky., 121.

A sale was set aside on application of plaintiffs, when property worth $1000, was struck off at a trifling sum, and plaintiff had been disappointed in the attendance of an agent. Bixley *v.* Mead, 18 Wend. R., 611.

That this transaction was had with the knowledge and connivance, and for the benefit of Argenti no one can doubt from the evidence. He alone reaps the benefit of this grand speculation

Men do not plan and execute great frauds for the benefit of other people and without the aid or knowledge of the beneficiaries. Such is not the course of human actions. Argenti must necessarily have been a party to these transactions. This inference, from the facts developed, is irresistible.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

The plaintiff filed a bill in equity in the Court below to quiet title. The defendants filed a cross bill by way of answer, setting up fraud in the original sale and asking to have the same set aside and the deed cancelled. It appears from the testimony that property of the city to the value of $400,000 was sold at a constable's sale on a judgment of

$172, and $20 70 costs.   That the same was purchased by one Levi Parsons, who was the managing man and attorney in the whole transaction, in the name of four persons, and by him afterwards sold to the present plaintiff for the inconsiderable sum of $5000.

The whole transaction, from its inception, is pregnant with a bare-faced fraud.   It is one of the most disgusting exhibitions of venality and corruption that we have ever been called on to review or adjudicate, and it is our earnest desire, for the sake of good morals, and the character of the bar, some of whose names appear in the record, that this Court will never again be called on to review so flagrant as a piece of dishonesty.   In fact we are no less astonished at the magnitude of the fraud, than the temerity of the parties in attempting to maintain it in a Court of Equity.   Every lineament of the transaction is so marked by bad faith and collusion, that perjury itself failed to sustain it.   The inadequacy of the price paid by Argenti, when compared with the value of the property, was sufficient to put him upon notice of the fraud of the original transaction, and he must be deemed to have taken it with full knowledge.

In addition to which, we are far from being satisfied that Argenti did not have actual knowledge, as the witnesses by whom this fact is attempted to be established, have, by their connection with the whole affair, shown themselves scarce worthy of belief in a Court of Justice.

Judgment affirmed.